UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

........................................................

US AIRWAYS, INC.,

               Plaintiff,                **COMPLAINT**

Against

PROSPECT AIRPORT SERVICES, INC.,

               Defendant.

........................................................

Plaintiff, US Airways, Inc., by and through its attorneys, Fowler Hirtzel McNulty & Spaulding, LLP, hereby files the following Complaint directed against Defendant, Prospect Airport Services, Inc., and avers in support thereof as follows:

## PARTIES

1. At all times relevant, US Airways, Inc. ("US Airways") is a corporation organized and existing under the law of the state of Delaware and having its principal place of business at 111 West Rio Salado Parkway, Phoenix, Arizona 85281[1].

2. Upon information and belief, defendant, Prospect Airport Services, Inc. ("Prospect") is a corporation organized and existing under the laws of the State of Illinois and having its principal place of business at 2130 South Wolf Road, Des Plains, Illinois 60018.

---

[1] As of December 9, 2013, American Airlines Group, Inc., a publicly traded company (NASDAQ: AAL), owns 100 percent of the stock of US Airways Group, Inc., which in turn owns 100 percent of the stock of US Airways. There is no publicly held corporation that owns more than 10 percent of the stock of American Airlines Group, Inc.

{W0189190.1}

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction based upon diversity of citizenship, pursuant to 28 USC § 1332 and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

4.  At all times relevant to this action, US Airways and Prospect were subject to the terms and conditions of an Aircraft Interior Cleaning Services Agreement ("Prospect-US Airways Agreement"), which included a choice of forum provision as follows: "The parties further agree that they consent to the exclusive jurisdiction of the federal courts located in the Southern District of New York and waive any claim of lack of jurisdiction or *forum non conveniens*." See A true and correct copy of the applicable Airport Interior Cleaning Services Agreement ("US Airways-Prospect Agreement") attached hereto as Exhibit "A" at p. 14, 14.9.

## FACTUAL BACKGROUND

5.  Destaney McCoy ("McCoy") filed an underlying lawsuit against US Airways, Inc. ("US Airways") and the City of Philadelphia in the Court of Common Pleas of Philadelphia County, Pennsylvania under docket number 002262, February 2013 term(the "underlying McCoy litigation") in connection with an alleged trip and fall incident. A true and correct copy of the complaint in the underlying McCoy litigation is attached here as Exhibit "B."

6.  McCoy alleged that she was injured on March 20, 2012 when a jetway was moved. See Exhibit "B" at ¶ 10.

7.  It is specifically alleged that the liability of US Airways arises from the negligence, action or inaction of its agents, servants, workmen and/or employees of US Airways. See Id. ¶¶ 7-8 and 10.

{W0189190.1}

8. At the time of the March 20, 2012 incident, upon information and belief, McCoy was an employee of Prospect and was injured in the course of her employment with Prospect.

9. Prospect was a subcontractor for US Airways at the time of the March 20, 2012 incident.

10. The McCoy complaint potentially implicated the acts or omissions of Prospect as a subcontractor for US Airways. See Id. at ¶¶ 7-8 and 10. See also Ramara, Inc. v. Westfield Ins. Co., 2016 U.S. App. LEXIS 2656, *30 (3d Cir. Pa. Feb. 17, 2016).

11. In accordance with the US Airways-Prospect Agreement, US Airways demanded that Prospect assume the defense and indemnification of US Airways and the City of Philadelphia in the underlying McCoy litigation.

12. In July 2014, Prospect improperly denied US Airways' tender demand. A true and correct copy of Prospect's denial letter is attached hereto as Exhibit "C."

13. In December 2014, US Airways settled the above referenced matter for $157,500.00.

## COUNT I – CONTRACTUAL INDEMNIFICATION
## US AIRWAYS V. PROSPECT

14. US Airways incorporates by reference the preceding paragraphs of this Complaint as if set forth herein in full.

15. US Airways entered into the US Airways-Prospect Agreement with Prospect on or about March 5, 2010. See Exhibit "A."

16. Section 5.3 of the US Airways-Prospect Agreement provides in pertinent part as follows:

> [Prospect] agrees to assume full responsibility for any and all liability to its employees on account of injury, disability, and death

{W0189190.1}

> resulting from, or sustained by said employees in the performance of the Services defined herein.

Id.

17. Section 7.1 of the US Airways-Prospect Agreement, applicable to general indemnity, provides in pertinent part as follows:

> [Prospect] agrees and does hereby undertake to release, indemnify, defend and hold harmless US Airways and the airport authority and each of their respective parents, subsidiaries, and the officers, directors, employees, agents and assigns of each from and against any and all liabilities, damages, claims, losses, suits, fines, theft, demands, penalties and actions of every kind and description, including but not limited to bodily injury (including death), personal injury or property damage on the airport premises or caused during transportation provided by [Prospect], including any loss of or damage to equipment by whatever means, provided to [Prospect] by US Airways (the "Claims"), including any and all costs and expenses related thereto, including the defense thereof, attorneys' fees and court costs arising out of or resulting from the acts or omissions of [Prospect], its directors, officers, employees and agents and/or in connection with the performance of this Agreement, except to the extent caused by the gross negligence and willful misconduct of US Airways. [Prospect] shall give US Airways prompt and timely notice of any claim made or suit instituted which in any way might affect US Airways or its insurers.

Id.

18. Section 7.2 of the US Airways-Prospect Agreement, applicable to workers' compensation indemnity, provides in pertinent part as follows:

> [Prospect] agrees and does hereby undertake to release, indemnify, defend and hold harmless US Airways and the airport authority and each of their respective parents, subsidiaries and the officers, directors, employees, agents and assigns of each from and against any and all Claims, including any and all costs and expenses related thereto, including the defense thereof, attorneys' fees and court costs arising out of or resulting from the injury to, illness of or death of an employee of [Prospect], except to the extent caused by the gross negligence and willful misconduct of US Airways. [Prospect] shall give US Airways prompt and timely notice of any claim made or

{W0189190.1}

suit instituted which in any way might affect US Airways or its insurers.

19. The allegations of the underlying McCoy complaint and the foregoing indemnity provision in the US Airways-Prospect Agreement require Prospect to indemnify, defend, and hold harmless US Airways in the underlying McCoy litigation.

20. The foregoing contractual language further requires Prospect to indemnify US Airways for any damages which US Airways was required to pay McCoy and/or any other party, with all responsibility and liability of US Airways being expressly denied.

21. The foregoing contractual language further requires Prospect to indemnify US Airways for all sums paid by US Airways to settle the underlying McCoy litigation with all responsibility and liability of US Airways being expressly denied.

22. To date, Prospect has improperly refused to provide the required defense and indemnification to US Airways.

23. US Airways hereby demands that Prospect indemnify, defend, and hold harmless US Airways in connection with that litigation, and that Prospect reimburse US Airways for all attorneys' fees and litigation costs and settlement sums incurred in defense of the underlying McCoy litigation.

**WHEREFORE**, US Airways demands judgment in its favor, and against Prospect, for contractual indemnity including attorneys' fees and all costs of defense and indemnification related to the underlying McCoy litigation.

## COUNT II – BREACH OF CONTRACT
## US AIRWAYS V. PROSPECT

24. US Airways incorporates by reference the preceding paragraphs of this Complaint as if set forth herein in full.

25. Section 6.2 of the US Airways-Prospect Agreement requires Prospect to carry, *inter alia*:

> (b) Comprehensive General Liability and Aviation Liability Insurance including but not limited to premises, products and completed operations or bodily injury, personal injury and property damage with a combined single limit of liability of not less than twenty-five million dollars ($25,000.000) on any one occurrence/offense, in the aggregate annually as respects products, completed operations and personal injury.

Id.

26. Section 6.2 further requires the insurance policy referenced above to

> (1) [N]ame US Airways and the airport authority and each of their respective parents, subsidiaries and officers, directors, employees, agents and assigns of each as additional insureds (the "Additional Insureds"); (2) be primary without right of contribution from any other insurance that is carried by the Additional Insureds; (3) contain a waiver of subrogation in favor of the Additional Insureds; (4) contain a provision requiring [Prospect]'s insurers to provide US Airways and the airport authority with written notice of any cancellation or adverse material change in such insurance and that such cancellation or adverse material change will not be effective with respect to the Additional Insureds for thirty (30) days after such written notice is given; (5) contain a breach of warranty clause in favor of the Additional Insureds; (6) contain cross liability and severability of interests clauses in favor of the Additional Insureds and (7) be endorsed to insure [Prospect]'s liability under this Agreement.

Id.

27. Consequently, Prospect is contractually required to have the above-referenced liability insurance, and is further contractually required to name US Airways and the City of Philadelphia as an additional insureds on its insurance policies.

28. The claims asserted against US Airways and the City of Philadelphia in the underlying McCoy litigation fell, in whole or in part, within the scope of coverage provided under

{W0189190.1}

the insurance which Prospect was required to procure on US Airways' behalf under the US Airways-Prospect Agreement.

29. To date, Prospect has refused to provide a complete copy of its applicable insurance policy.

30. To the extent that Prospect has failed to obtain the above-referenced insurance coverage on behalf of US Airways and the City of Philadelphia as required by the US Airways-Prospect Agreement, Prospect has breached its agreement with US Airways and is liable for all of US Airways past and future attorneys' fees, other costs, expenses, and indemnity obligations, if any, related to underlying McCoy complaint against US Airways.

**WHEREFORE,** US Airways demands judgment in its favor, and against Prospect, for all of US Airways' past and future attorneys' fees, other costs of defense, and indemnity payments related to the underlying McCoy litigation.

### COUNT III– CONTRACTUAL INDEMNIFICATION
### US AIRWAYS V. PROSPECT

31. US Airways incorporates by reference the preceding paragraphs of this Complaint as if set forth herein in full.

32. Sections 7.1 and 7.2 of the US-Airways-Prospect Agreement required Prospect to assume the defense and indemnification of the airport authority, here, the City of Philadelphia.

33. The allegations of the underlying McCoy complaint and the foregoing indemnity provision in the US Airways-Prospect Agreement require Prospect to indemnify, defend, and hold harmless the City of Philadelphia in that lawsuit.

34. The foregoing contractual language further requires Prospect to indemnify the City of Philadelphia for any damages which the City of Philadelphia is required to pay McCoy and/or

any other party, with all responsibility and liability of the City of Philadelphia being expressly denied.

35. Despite a valid and timely tender on behalf of the City of Philadelphia, Prospect has refused to assume its defense and indemnity.

36. Despite Prospect's contractual obligations to provide defense and indemnity to the City of Philadelphia and as a direct result of Prospect's breach of its contractual obligations, US Airways has accepted the tender of the City of Philadelphia and provided a a defense.

37. As a result, US Airways hereby demands that Prospect indemnify, defend, and hold harmless the City of Philadelphia in connection with that litigation, and that Prospect reimburse US Airways for all attorneys' fees and litigation costs incurred in defense of the City of Philadelphia in the underlying McCoy litigation.

**WHEREFORE**, US Airways demands judgment in its favor, and against Prospect for contractual indemnity including attorneys' fees and all costs of defense and indemnification related to the underlying McCoy litigation.

                                                  **FOWLER HIRTZEL MCNULTY &**
                                                  **SPAULDING, LLP**

                                                  BY:   *s/ Frances A. Lettieri*

DATED: April 12, 2016                    FRANCES A. LETTIERI, ESQ.
                                                    JOSEPH R. FOWLER, ESQUIRE
                                                    Attorney for Defendant US Airways, Inc.